UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA BOND,

    Plaintiff,

    v.

ATSI/JACKSONVILLE JOB CORPS CENTER, et al.

    Defendants.

Civil Case No. 10-1961 (RJL)

FILED
SEP 19 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION
September 19, 2013 [Dkt. # 40]

Plaintiff Barbara Bond ("Bond" or "plaintiff") brought this suit in 2010, *pro se*, against her former employer, ATSI/Jacksonville Job Corps Center ("ATSI" or "defendant"), and two individuals, alleging that she was sexually harassed by her former coworker and suffered employment discrimination while working for ATSI.[1] Before the Court is defendant ATSI's Special Appearance Motion to Dismiss for lack of personal jurisdiction and improper venue. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the Court DENIES defendant's motion and will transfer the case to the District of Maryland.

## BACKGROUND

Plaintiff, who currently resides in the District of Columbia, worked for defendant ATSI as a recreation specialist at the Jacksonville Job Corps Center ("JCC") in

---

[1] Plaintiff subsequently gained the assistance of counsel on December 9, 2011. *See* Notice of Appearance by Reginald J. Richter [Dkt. # 36].

Jacksonville, Florida, from at least 2008 until she resigned on October 23, 2009. Compl. [Dkt. # 1] ¶¶ 3, 4, 10. According to plaintiff, defendant's "principal place of business is Bethesda, Maryland," and its "corporate principal place [is] in Cleveland, Ohio." *Id.* ¶ 3. Documents submitted by defendant indicate that ATSI was formed in Maryland in 1992 with its principal office in Bethesda, Maryland. *See* Def. ATSI's Special Appearance Reply Mem. Supp. Mot. Dismiss [Dkt. # 43] ("Def.'s Reply"), Ex. 1.

Plaintiff contends that, during her tenure at ATSI at the Jacksonville JCC, a coworker sexually harassed her, and ATSI discriminated against and constructively discharged her. *See generally* Compl. Her complaint identified three defendants: ATSI; Clark V. Hayes, who plaintiff alleges was the owner, CEO, and an employee of ATSI; and Marvin Owens, an employee of ATSI. *Id.* ¶¶ 5-7. The Court previously granted Mr. Owens' and Mr. Hayes' motions to dismiss for lack of personal jurisdiction. *See* Order [Dkt. # 31]; Order [Dkt. # 32]. All that remains are plaintiff's allegations against defendant ATSI.

Defendant has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). *See* Def. ATSI's Special Appearance Mot. Dismiss and Mem. Supp. Mot. Dismiss [Dkt. # 40] ("Def.'s Mot."); Def.'s Reply. Plaintiff opposes this motion, arguing that personal jurisdiction over defendant exists, or, in the alternative, that the action should be transferred to another district in the interests of justice. *See* Pl.'s Mem. Opp'n to Def.'s Mot. Dismiss [Dkt. # 42] ("Pl.'s Opp'n").

## ANALYSIS

Defendant moves to dismiss this case on the ground the Court cannot exercise personal jurisdiction over defendant and because venue is improper in the District of Columbia. Plaintiff contests the first point but appears to concede the second. The Court agrees with defendant that both jurisdiction and proper venue are wanting; rather than dismiss the case, however, I have concluded that transfer is appropriate.

The crux of plaintiff's personal jurisdiction claim is specific jurisdiction. *See* Pl.'s Opp'n at 7-8. To establish specific jurisdiction, a plaintiff must (1) plead facts sufficient to show that jurisdiction over defendant is appropriate under the forum's long-arm statute, D.C. CODE § 13-423(a), and (2) satisfy the "minimum contacts" demands of constitutional due process. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Unfortunately for plaintiff, none of the contacts she alleges establish a basis for this Court's exercise of personal jurisdiction over defendant for two reasons. First, defendant's contacts with this forum—all with the U.S. Department of Labor—fall within the "government contacts" exception to the District's long-arm statute and thus shield defendant from the exercise of personal jurisdiction. *See Companhia Brasileira Carbureto de Calicio v. Applied Indus. Materials Corp.*, 640 F.3d 369, 372 (D.C. Cir. 2011) (discussing government contacts exception). Second, even if the government contacts exception did *not* apply and defendant's contacts with this forum qualified as "transacting any business" under the long-arm statute, such contacts bear no relation to the substantive claims laid out in plaintiff's complaint—a point defendant curiously neglects to raise. *See* D.C. CODE § 13-423(a)(1) ("[D.C.] court may exercise

personal jurisdiction over a person . . . as to a claim for relief *arising from* the person's --
(1) transacting any business in [D.C.]" (emphasis added)).

Next, defendant also argues that venue is improper in the District of Columbia. Plaintiff asserts in her complaint that venue is proper, but then fails to contest the point in her response to defendant's motion to dismiss. *See* Pl.'s Opp'n at 2-3, 11. Conceded or not, the Court has little trouble finding that venue is, in fact, *improper* in D.C. Under Title VII, a plaintiff may bring suit only: (1) where "the unlawful employment practice is alleged to have been committed," (2) where "the employment records relevant to such practice are maintained and administered," or (3) where "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Unfortunately for plaintiff, venue is improper in D.C. because all of the sexual harassment and adverse employment acts that plaintiff described in her complaint and which form the basis of this action took place in Florida. Moreover, plaintiff does not assert that any relevant employment records are kept in D.C., or that she would have worked in D.C. but for the alleged discrimination. Therefore, venue is improper under Title VII's venue provision.

Finding both personal jurisdiction lacking and venue improper in the District of Columbia, the only question remaining for the Court is whether to dismiss the action or transfer it to a proper venue. When venue is improper, the "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). And a court may transfer a case even where, as here, it lacks personal jurisdiction over defendant. *See Goldlawr,*

4

*Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir.1983).

The decision whether to transfer a case is left to the discretion of the court. *Baez v. Connelly*, 734 F. Supp. 2d 54, 58 (D.D.C. 2010). But "[g]enerally, the interests of justice require transferring such cases to the appropriate judicial district rather than dismissing them." *Poku v. FDIC*, 752 F. Supp. 2d 23, 27 (D.D.C. 2010). "This is especially true when the plaintiff files a complaint *pro se*," as plaintiff did in this case.[2] *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009). And the interests of justice also favor transfer over dismissal where, as here, statute of limitations issues might prevent plaintiff from re-filing her action in a proper forum.[3] *See Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983).

Plaintiff urges the Court to transfer the case to the District of Maryland.[4] Pl.'s Opp'n at 11. In order to transfer, the Court must first determine that jurisdiction and venue would be proper in the transferee district. *Sharp Elecs. Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981). Resolving all factual discrepancies

---

[2] Plaintiff was *pro se* when she filed her *complaint*, which is where her mistakes as to personal jurisdiction and venue lie. Defendant's argument that plaintiff deserves no leniency from the Court because she is *now* represented by counsel thus misses the mark. *See* Def.'s Reply at 7.

[3] Under Title VII, a plaintiff must file suit in federal district court within 90 days of receiving a right-to-sue notice from the Equal Employment Opportunity Commission (EEOC). *See* 42 U.S.C. § 2000e-5(f)(1). EEOC apparently issued plaintiff's notice on August 4, 2010. Compl. at Ex. N.

[4] Plaintiff's Opposition actually proposes transfer to the "U.S. District Court for the 4th Circuit," which, of course, does not exist. *See* Pl.'s Opp'n at 11. Based on plaintiff's repeated references to Maryland, the Court takes judicial notice that what she really intended to refer to is the District of Maryland.

in non-moving plaintiff's favor, *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990), the Court concludes that they, indeed, are. *See* MD. CODE ANN., CTS. & JUD. PROC. § 6-102(a) (general personal jurisdiction); 42 U.S.C. § 2000e-5(f)(3) (venue).

Thus, for the foregoing reasons, the Court DENIES defendant's Motion to Dismiss and will order the case to be transferred to the District of Maryland. A separate order consistent with this Memorandum Opinion shall issue this date.

RICHARD J. LEON
United States District Judge